IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TYRONE R. SMITH
ADC #133772                                                                                          PLAINTIFF

v.                                        4:24-cv-00780-JM-JJV

WELLPATH INCORPORATED,
Health Care Provider, ADC, *et al.*                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   SCREENING

Tyrone R. Smith ("Plaintiff") is a prisoner in the Arkansas Department of Correction ("ADC") who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## II.     DISCUSSION

Plaintiff says on November 28, 2023, Mr. Bradley, who has not been named as a Defendant, told him to take doxycycline because the Arkansas Health Department notified the Unit that Plaintiff had tested positive for a sexually transmitted disease ("STD"). (Doc. 2.) Plaintiff said that was impossible, but Mr. Bradley told him to take the medication anyway. Sometime thereafter, it was discovered that Plaintiff was not the individual named in the notice from the Arkansas Health Department. Plaintiff claims he experienced diarrhea, nausea, and vomiting as result of taking doxycycline for an unspecified duration. As Defendants, Plaintiff has named Wellpath Incorporated, which is the company that provides medical services to Arkansas prisoners, and unknown "Jane and John Doe" employees of Wellpath. After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

First, there is no vicarious liability in § 1983 actions. *Iqbal,* 556 U.S. at 676. This means Wellpath cannot be held indirectly responsible for constitutional violations committed by its employees. *See De Rossitte v. Correct Care Sols., LLC.,* 22 F.4th 796, 804 (8th Cir. 2022). Instead, a corporation, such as Wellpath, can only be held liable in a § 1983 action if "there is a policy, custom or action by those who represent official policy that inflicts [an] injury actionable under § 1983." *Id.* Because there are no such allegations in the Complaint, Plaintiff has not pled a plausible claim for relief against Defendant Wellpath.

Similarly, supervisors cannot be held vicariously liable for constitutional violations

committed by their subordinates. *Iqbal*, 556 U.S.at 676. Instead, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. But Plaintiff has not explained how any of the Doe Defendants were personally involved in the allegedly inadequate medical care. And, he has not named Mr. Bradley, who is the only individual mentioned in the Complaint, as a Defendant.

Third, even if the Court were to presume that Plaintiff intended to name Mr. Bradley as a Defendant, Plaintiff has not pled a plausible claim against him. The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). To plead a plausible inadequate medical care claim, a complaint must contain facts suggesting: (1) a prisoner had an objectively serious need for medical care; and (2) each of the defendants subjectively knew of, but deliberately disregarded, that serious medical need. *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). As explained by the Eighth Circuit, deliberate indifference is a high threshold that goes well beyond negligence or even gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original); *Smith v. Lisenbe,* 73 F.4th 596, 660 (8th Cir. 2023). This level of mental culpability is "akin to criminal recklessness." *Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023).

It understandable Plaintiff is upset he was misdiagnosed with an STD and given a medication that he did not need However, nothing in the Complaint suggests Mr. Bradley "recognized that a substantial risk of harm existed" when he gave Plaintiff an antibiotic or that he "knew that that his conduct was inappropriate in light of that risk." Instead, the facts as pled by

3

Plaintiff suggest negligence, or at most, gross negligence which are insufficient to state a plausible § 1983 claim. *See Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) ("Negligent misdiagnosis does not create a cognizable claim under § 1983"). Accordingly, I conclude Plaintiff has failed to plead a plausible claim for relief.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 15th day of October 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE